Contreras v City of New York (2026 NY Slip Op 00612)

Contreras v City of New York

2026 NY Slip Op 00612

Decided on February 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 10, 2026

Before: Kennedy, J.P., Scarpulla, Gesmer, Mendez, Hagler, JJ. 

Index No. 161063/19|Appeal No. 5782|Case No. 2024-06151|

[*1]Roger J. Contreras, Plaintiff-Appellant-Respondent,
vThe City of New York et al., Defendants-Respondents-Appellants.

The Platta Law Firm, PLLC, New York (Michael L. Taub of counsel), for appellant-respondent.
Lewis Brisbois Bisgaard & Smith LLP, New York (Jonathan A. Bartlett of counsel), for respondents-appellants.

Order, Supreme Court, New York County (David B. Cohen, J.), entered September 19, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim, granted his motion for leave to amend his bill of particulars to allege violations of Industrial Code (12 NYCRR) §§ 23-1.15(c) and 23-5.1(j)(1), granted defendants' motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims, and denied their motion as to the Labor Law §§ 240(1) and 241(6) claims, unanimously modified, on the law, to grant plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim, and otherwise affirmed, without costs.
Plaintiff alleged that he was injured when a chisel fell and struck him while he was taking a designated coffee break at a construction project involving an exterior restoration of a five-story school. Plaintiff took his break either on or underneath the sidewalk bridge on the jobsite with two other coworkers. Plaintiff claims that the scaffolding above him had gaps in the planks and lacked sufficient netting and toeboards on the side closest to the building.
The court should have granted plaintiff's motion for summary judgment on the Labor Law § 240(1) claim. It is immaterial that plaintiff was on a coffee break at the time of his accident because "injuries sustained while a worker was on site, although . . . on a break, come within the protections of Labor Law § 240(1)" (Hoyos v NY-1095 Ave. of the Ams., LLC, 156 AD3d 491, 495 [1st Dept 2017]; see also Morales v Spring Scaffolding, Inc., 24 AD3d 42, 48 [1st Dept 2005]).
Plaintiff established that the chisel "required securing for the purposes of the undertaking" and that the scaffolding "proved inadequate" to protect him (Mayorquin v Carriage House Owner's Corp., 202 AD3d 541, 541-542 [1st Dept 2022] [internal quotation marks omitted]). It is irrelevant that plaintiff did not know where the chisel fell from, or what caused it to fall, or hear anything fall, as "plaintiff is not required to show exactly how the [object] fell" (Mercado v Caithness Long Is. LLC, 104 AD3d 576, 576-577 [1st Dept 2013]). Any alleged inconsistency concerning the location of the accident is immaterial (see Mayorquin, 202 AD3d at 542). Similarly, it does not matter where the chisel struck plaintiff's body, as it is undisputed that it struck him. Even if the affidavit from plaintiff's supervisor conflicted with plaintiff's testimony about whether toeboards were located on the side of the scaffolding closest to the building, plaintiff alleges without contradiction that the scaffolding was defective in other ways, including the existence of gaps between the scaffolding planks.
In as much as plaintiff has shown entitlement to partial summary judgment on liability under Labor Law § 240(1), the arguments related to his common-law negligence and Labor Law §§ 200 and 241(6) claims are academic (see Fanning v Rockefeller Univ., 106 AD3d 484, 485 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2026